UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER G. LEWIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DUSHAUN ZATECKY individually and in his ) <br> official capacity, as Warden for the Pendleton ) <br> Correction Facility, ) <br> DUANE ALSIP individually and in his official ) <br> capacity, as Assistant Superintendent of ) <br> Operations for the Pendleton Correctional Facility, ) <br> ANDREW POPP individually and in his official ) <br> capacity, as a Correctional Officer at the Pendleton ) <br> Correctional Facility, ) <br> RICHARD WILSON individually and in his ) <br> official capacity, as an Internal Investigation ) <br> Officer at the Pendleton Correctional Facility, ) <br> DUNCAN individually and in his official capacity, ) <br> as the Internal Investigation Supervisor over the ) <br> Pendleton Correctional Facility, ) <br> JENNIFER SCHURMAN individually and in her ) <br> official capacity, as the PREA Coordinator at the ) <br> Pendleton Correctional Facility, ) <br> NICOLE CLOYD individually and in her official ) <br> capacity, as the Human Resources Director at the ) <br> Pendleton Correctional Facility, ) <br> RICHARD COLESTOCK individually and in his ) <br> official capacity, as a Correctional Officer for the ) <br> Pendleton Correctional Facility, ) <br> ) <br> Defendants. ) | No. 1:18-cv-02594-TWP-TAB |

## ORDER SCREENING COMPLAINT AND DIRECTING SERVICE OF PROCESS

### I.     SCREENING STANDARD

Plaintiff Christopher Lewis ("Lewis") is a prisoner currently incarcerated at Plainfield Correctional Facility. Lewis has filed a Complaint relating to events that occurred while he was incarcerated at Pendleton Correctional Facility (Pendleton). Because the Lewis is a "prisoner" as

defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. THE COMPLAINT

Lewis alleges that on June 18, 2017, Officer Popp applied handcuffs to him during a shakedown, and while Lewis was handcuffed, Officer Popp stuck his hand into Lewis' left pocket and fondled his genitals. Lewis further alleges that between June 18, 2017, through June 28, 2017, Officer Popp sexually propositioned and harassed him and made threats against Lewis to coax Lewis into having sexual relations with him. Additionally, Officer Popp filed a class B disciplinary conduct report against Lewis to sexually coerce him. Lewis refused all the sexual advances.

Lewis states that, on June 28, 2017, he reported Officer Popp's behavior to Sergeant Colestock, but Sergeant Colestock refused to take any action or report it. Lewis later filed a Prison Rape Elimination Act (PREA) complaint and filed a complaint with Internal Affairs ("I.A."). He was interviewed by Officer Richard Wilson and another officer. Officer Wilson later told Lewis,

on July 12, 2017, that Officer Popp was terminated because of his prior sexual indiscretions toward a prisoner at the Henry County Jail, where Officer Popp worked a second job. The accusations towards Officer Popp at the Henry Country Jail came to light after Lewis' PREA complaint. Officer Wilson told Lewis that he believed Officer Popp's accusations in the disciplinary conduct report were false and would talk to the disciplinary hearing officer, but Lewis was found guilty of, and sanctioned for, the conduct report. Lewis further asserts that he wrote Warden Zatecky a letter on July 13, 2017, asking Warden Zatecky to intervene on his behalf. He asserts that the other identified individuals are responsible because they had a duty to train their employees or were responsible for his welfare and needs.

Lewis requests injunctive relief to be free of sexual abuse and retaliation at Pendleton and monetary damages.

### III. DISCUSSION OF CLAIMS

Based on the above screening, Lewis' Eighth Amendment cruel and unusual punishment claim **shall proceed** against defendant Officer Popp.

Lewis alleges that several jail officials failed to ensure his safety. Jail officials have a duty to protect inmates. *See Farmer v. Brennan,* 511 U.S. 825, 833 (1994). However, they only incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir.2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996).

Lewis' Eighth Amendment failure to protect claims against the non-Popp defendants are **dismissed for failure to state a claim upon which relief can be granted** because Lewis has failed to allege that any of the non-Popp defendants were specifically aware of a substantial risk of injury to Lewis from Officer Popp or that Officer Popp had a history of sexual indiscretions with inmates. Although several of the non-Popp defendants received Lewis' PREA and IA complaints and eventually learned of Officer Popp's sexual improprieties at Henry County Jail, the non-Popp defendants did not become aware of these allegations until after all the alleged injuries were already complete.

Additionally, Lewis' claims against the non-Popp defendants are **dismissed for failure to state a claim upon which relief can be granted** because he has failed to allege that they were personally involved with his constitutional deprivation. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every

one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

The **clerk is directed to terminate** on the docket defendants Zatecky, Alsip, Wilson, Duncan, Schurman, Cloyd, and Colestock.

Lewis' request for injunctive relief is **dismissed for failure to state a claim upon which relief can be granted**. "A court's power to grant injunctive relief only survives if such relief is actually needed." *Nelson v. Miller*, 570 F.3d 868, 882–83 (7th Cir. 2009). Lewis is no longer incarcerated at Pendleton, so there is no "cognizable danger of recurrent violation." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953).

If the plaintiff believes that additional claims were alleged in the Complaint, but not identified by the Court he shall have **through November 26, 2018,** in which to identify those claims.

## IV. SERVICE OF PROCESS

The clerk is **directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Andrew Popp in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The clerk is **directed to serve** the Indiana Department of Correction employee electronically.

## V. SUMMARY OF CLAIMS AND ACTIONS TAKEN

The claim remaining in this case is Lewis' Eighth Amendment cruel and unusual punishment claim against Officer Andrew Popp.

5

The Court has additionally taken or directed the following actions:

(1) Lewis' claims against the other defendants are dismissed for failure to state a claim upon which relief can be granted;

(2) Lewis' claim for injunctive relief is dismissed for failure to state a claim upon which relief can be granted;

(2) if the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through November 26, 2018**, in which to identify those claims;

(3) the **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Andrew Popp consistent with the instructions in Section IV.

(4) the **clerk is directed to terminate** on the docket defendants Zatecky, Alsip, Wilson, Duncan, Schurman, Cloyd, and Colestock.

**SO ORDERED.**

Date:   10/23/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER G. LEWIS
994548
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to the following IDOC employee at Pendleton Correctional Facility:

Officer Andrew Popp